IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY BIELA,<br><br>    *Plaintiff,*<br><br> v.<br><br>WESTFIELD INSURANCE CO.<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 19-04383 |

**PAPPERT, J.**                               December 4, 2019

## MEMORANDUM

  Dorothy Biela uses an oil-fired boiler to heat her home. The oil tank ruptured spilling oil throughout her property. She sued Westfield Insurance Company for breach of contract and bad faith after Westfield denied her all-risk homeowner's insurance claim. Westfield removed the case and moved to dismiss Count II, the bad faith claim. For the reasons below, the Court grants the motion with leave to file an amended complaint.

I

  Biela owns a single-family home that is equipped with an oil-fired boiler. (Compl., ECF No. 1, Ex. 1, ¶¶ 12–14.) She hired Carney Plumbing, Heating & Cooling Inc. to install an above-ground oil tank on her property, (*id.* ¶¶ 5, 15–17), and subsequently contracted with Moyer & Son Inc. to deliver the oil. (*Id.* ¶¶ 24, 26, 28.) On January 24, 2019, Moyer delivered 190.4 gallons of oil to fill the 275-gallon tank. (*Id.* ¶¶ 26–27.) While Moyer was filling the tank, it "suddenly and accidentally tore apart, cracked, or ruptured" causing an oil spill on Biela's property. (*Id.* ¶¶ 28–29.) The impact of the spill was expansive: it "migrated underneath the basement concrete

1

floor slab," "entered two sump pumps," and was "discharged" along the road that bordered the property. (*Id.* ¶¶ 30–31.) As a result, the home became uninhabitable and Biela was forced to vacate her property. (*Id.* ¶¶ 34–35.)

After the spill, Biela contacted Westfield seeking coverage for the loss. *See* (*id.* ¶¶ 36–37). Biela alleges that her policy covers oil spills and was active from January 3, 2019 until January 3, 2020, but Westfield denied the claim. *See* (*id.* ¶¶ 37–38; 42). Biela's Complaint, however, does not allege facts regarding the terms of her insurance policy, when she submitted a claim to Westfield, the investigation that Westfield performed, or any communications between herself and Westfield. Biela nonetheless claims that Westfield "performed a substandard and hasty inspection of the loss"; refused to provide additional living expenses despite the fact that she paid for a policy that included them; and "improperly denied" her claim. (*Id.* ¶¶ 39–41.)

Biela sued Westfield, Carney and Moyer in the Philadelphia County Court of Common Pleas. *See* (Compl.). Once the latter two non-diverse defendants were severed, Westfield removed the lawsuit to this Court on the basis of diversity jurisdiction. (Def.'s Notice of Removal, ECF No. 1.)

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

III

A

Pennsylvania's bad faith statute provides that a court may award interest, punitive damages and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured." 42 Pa. Con. Stat. § 8371. Although the statute itself does not define "bad faith," courts have defined the term as "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim. *Rancosky*

v. *Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017); *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (citation omitted).

Various actions by an insurer can constitute bad faith, such as "lack of investigation into the facts[ ] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 669 (W.D. Pa. 2012) (citation omitted); *Corch Const. Co. v. Assurance Co. of Am.*, No 1250-C, 2003 WL 23473924 (Pa. Commw. Ct. 2003) (Bad faith may occur "when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue."); *see also Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). Every bad faith claim is fact specific and depends on the "conduct of the insurer *vis à vis* the insured." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)).

Courts in this Circuit have routinely dismissed bad faith claims reciting only "bare-bones" conclusory allegations unsupported by facts sufficient to raise the claims to a level of plausibility. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (unpublished); *Ream v. Nationwide Prop. & Cas. Ins. Co., NAIC*, No. 19-00768, 2019 WL 4254059, at *2–5 (W.D. Pa. Sept. 9, 2019); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288 (E.D. Pa. May 28, 2015).

B

Biela alleges that Westfield engaged in bad faith "with respect to its investigation, inspection, adjustment and coverage determination" of the oil spill loss. (Compl. ¶ 72.) She makes a litany of allegations in support of her claim, but in doing so

4

offers only conclusory and unsupported statements about Westfield's conduct.  She

claims, among other things, that Westfield (1) sent a false denial letter; (2) failed to

adequately investigate the loss before claiming it was not covered by the policy; (3)

failed to pay a fair and reasonable amount for the claim; (4) asserted policy provisions

without a reasonable basis; and (5) misrepresented facts and policy provisions.  (Compl.

¶ 72(a), (b), (c), (g), (h), (i).)  These numerous and often redundant conclusory

allegations do not provide a sufficient basis to state a plausible claim for relief.  The

Complaint must establish more than mere "threadbare recitals of the elements of a

cause of action, legal conclusions, and conclusory statements."  *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 679).  The Complaint

does not allege, among many other things, how Westfield failed to investigate and

evaluate the claim in a fair manner.

Absent additional facts regarding Biela's insurance claim and the accompanying

investigation, negotiations, or communications in support of the contention that

Westfield's conduct was unreasonable and reckless, the Court is unable to infer bad

faith on Westfield's part.  *See Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL

2880302, at *4 (E.D. Pa. June 24, 2014) (Plaintiffs must "describe who, what, where,

when, and how the alleged bad faith conduct occurred." (citation omitted)).  Because

Biela failed to sufficiently allege a statutory bad faith claim, Count II is dismissed.  The

Court grants Biela fourteen days to amend her bad faith claim with sufficient factual

allegations to support it.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.